THE CITY OF BUFFALO, Respondent, *v.* STEPHEN BETTINGER, Appellant.

A municipal corporation, in protecting its property, in collecting its debts, and generally, in transacting business of a private character, may, when not expressly prohibited, or when not otherwise provided by statute, avail itself of all the rights and remedies afforded to an individual.

Plaintiff's treasurer, being a defaulter to a large amount, delivered to it certain promissory notes, as security or in payment upon such indebtedness. By plaintiff's charter, it was expressly authorized "to take, purchase, hold and convey real and personal property, as its purposes require." (§ 1, chap. 519, Laws of 1870.) In an action upon the notes, *held*, that under its charter, and also under the similar powers with power to sue and be sued conferred upon all corporations by the Revised Statutes (2 R. S., 599), plaintiff had capacity to take, hold and prosecute said notes.

It appeared that plaintiff's common council appointed a committee to examine into the defalcation ; some arrangement was made by the committee by which said notes were to be turned over to the city, and they were delivered to the committee for the city. B., the defaulting treasurer, testified as a witness that they belonged to the city, and disclaimed any ownership of them. *Held*, that this, with the fact that the city had brought an action upon them, was sufficient to indicate that it received the notes and ratified the acts of the committee.

(Argued February 12, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts are set forth sufficiently in the opinion.

*John Hubbell*, for appellant. Plaintiff, not being specially authorized to do so, could not hold or enforce the notes in suit. (2 R. S., tit. 3, chap. 18, pt. 1, § 3; 2 R. S. [Cothran's ed.], 391; *Halstead* v. *The Mayor*, 3 Com., 432; *Chautauqua Bk.* v. *Risley*, 4 Den., 481; *Hodges* v. *City of Buffalo*, 2 id., 111; *Utica Ins. Co.* v. *Scott*, 19 J. R., 1;

*Life and F. Ins. Co.* v. *Mech.'s F. Ins. Co.*, 7 Wend.; *New York Firemen's Ins. Co.* v. *Ely*, 2 Cow., 678–699; *Mut. Benefit Ins. Co.* v. *Davis*, 12 N. Y., 574.)

*Henry W. Box*, for respondent. Plaintiff had title to the notes in suit. (*Bedell* v. *Carll*, 33 N. Y., 581; *Bell* v. *Tilden*, 7 N. Y. Weekly Dig., 441; *Hays* v. *Hathorn*, id., 398.) Plaintiff had full power and authority to bring and maintain this action. (92 U. S. R. [2 Otto], 122; *Reynolds* v. *Stark Co.*, 5 Ohio, 205; *Brady* v. *Mayor, etc., of B'klyn*, 1 Barb., 584; Laws 1870, chap. 519, tit. 1, § 1.)

CHURCH, Ch. J. The action is upon three promissory notes, made by one Geib, payable to the order of the defendant, and by him indorsed to one Bork, and by the latter delivered to the plaintiff. The principal question litigated on the trial was, whether the notes had been paid by Geib by city orders delivered to Bork, who was city treasurer, under an arrangement, by which Bork advanced money upon these notes, and received the orders to apply thereon. There was a conflict of evidence upon the question of payment, and the finding of the judge is conclusive upon this court, as we held in the recent case of *Sweet* v. *Bettinger*, where the same issue was presented, and upon the same evidence. We have re-examined the evidence in this case, and are of opinion that the judge was fully warranted in finding against the defendant upon that issue, and this is as far as this court can go upon a question of fact, decided by a judge or referee, after an affirmance by the General Term. The learned counsel for the defendant however presented some questions of law which must be considered.

It is insisted that the plaintiff had no capacity, either to take, hold, or prosecute the notes in question. It is not claimed that there is any specific prohibition in the charter, or any statute, but it is sought to imply a prohibition from the limited purposes and objects of the corporation, and from the general statutory and common law rule, that "no corpora-

tion shall possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers so enumerated and given."

We think that the principle invoked has no application to this case.   Bork had been city treasurer, and was a defaulter to nearly half a million of dollars, and had left, or was about to leave the country.   He was a debtor to the city for that amount, for which, so far as appears, the city had no security, except the official bond, and whether that was adequate does not appear, nor is it material. These notes with some other securities were delivered to the city as security, or in payment upon this indebtedness.   We have no doubt but it was entirely competent for the city to receive and enforce such securities.   The power is incident to the specific powers conferred.   The charter expressly authorizes it to " take, purchase, hold, and convey, real and personal property as its purposes shall require."  .(Chap. 519, Laws of 1870, § 1.)· And the Revised Statutes applicable to all corporations, confers the same power, and also that it may " sue, and be sued."   (2 R. S., 599.)   The corporation may not deal in notes and bills, nor would any officer be authorized to take notes for payment of taxes or other liabilities of persons which are imposed by law, and for the enforcement of which the law has prescribed a specific mode.   But there are many ways in which liabilities may be incurred to the city, in respect to which it may deal, the same as an individual. Suppose its property should be injured or destroyed under circumstances creating a liability, or in the purchase of real or personal property, the title fails, or in any other manner its pecuniary interests are affected, the redress for which is not provided for, may it not bring an action, or settle, or compromise the claim, and take payment or security for the payment of such demands ?   I am of opinion that such a power is necessary to the exercise of the powers conferred.   The facts of this case illustrate the necessity of this rule.   The treasurer had become a defaulter for a very large amount, and a heavy

loss was imminent. It was the right and duty of the city to institute any legal proceedings, which an individual might take, and receive any property which it could obtain by legal process or otherwise, to save itself from loss. Statute authority conferring this specific power is not necessary. It arises by necessary implication from the power of protecting its property and interests from spoliation and waste.

The learned counsel asks : " Can any officer or person connected with the city government, loan, advance, or use its money or funds upon notes, or in the purchase of, or discount of bills of exchange, or other commercial paper ? "

They cannot lawfully do these things, but if the officers have thus misappropriated the money of the city, they are liable both in a civil and criminal action, and the city may secure itself by legal process, or by voluntary arrangement, and take any property which an individual might. A municipal corporation has public and private attributes, and its rights and liabilities are regulated accordingly. (Potter on Corp'ns, § 396 ; *Oliver* v. *City of Worcester*, 102 Mass., 489 ; *City of Detroit* v. *Corey*, 9 Mich., 165.)

In protecting its property, in collecting its debts, and in general in transacting business of a private character, when not otherwise provided by statute, it may avail itself of all the rights and remedies afforded to an individual. We entertain no doubt but the city had ample power to take and hold the notes in question for the purpose for which they were taken, and to enforce them by action. The authorities sustain the exercise of more doubtful powers. (*First Nat. Bank of Charlotte* v. *Exchange Bank of Baltimore*, 92 U. S. R. [Otto], 122; *Augusta* v. *Leadbetter*, 16 Maine, 45; *Supervisors of Orleans Co.* v. *Bowen*, 4 Lans., 24.)

It is also urged that the city of Buffalo never in fact received, or agreed to receive these notes. It appears that the common council appointed a committee to examine into this defalcation, and that some arrangement was made by which these notes were to be turned out to the city. The precise authority of this committee was not shown but it

appears that these notes were delivered to the committee in the treasurer's office for the city, and the fact that the city has brought an action upon them, is quite sufficient to indicate that it received them, and ratified the act of the committee. The only other person appearing to have any claim upon the notes, is Bork, and he was a witness, and disclaimed any ownership of them, and testified that they belonged to the city.

The waiver of notice of protest of the $2,300 note was supplemented by sufficient evidence that a demand was actually made, as found by the judge.

The judgment must be affirmed.

All concur.

Judgment affirmed.