EDGAR D. CROWNINSHIELD, as Supervisor, etc., *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF CAYUGA.

A town, by bonding itself in accordance with the statute, and causing a railroad to be built, creates a new and additional property, which becomes the subject of taxation; the remainder of the county is, for the time being, deprived of the benefit to be derived from the taxation thereof, so that the town may reap the benefits by having the taxes applied in satisfaction of its bonded indebtedness; and thus the sinking fund provided for by the statutes (Chap. 907, Laws of 1869, as amended) is, up to the time the bonds become due and payable, a fund the town has an absolute right to have applied in payment of its bonds.

In 1871 the town of I. pursuant to the provisions of the act of 1866 (Chap. 433, Laws of 1866), issued its bonds in aid of the construction of a railroad through the town. The state and county taxes collected from the railroad company upon the assessed valuation of its property in the town from the years 1872 to 1887 were paid over to the county treasurer, who used them in the payment of state taxes and county indebtedness, and no money was set apart by him as a sinking fund to pay the bonds so issued. The town taxes so assessed and collected were paid over to the supervisor of the town and used by him in paying town expenses. Said bonds were paid by the town from moneys raised by general tax on property in the town, including that of the railroad company. Upon a case submitted under the Code of Civil Procedure (§ 1279), *held,* that the town was entitled to recover of the county the amount of the state and county taxes so paid to the county treasurer within six years prior to the submission; and that the failure of the town to pay over the amount of town taxes collected from the railroad company did not establish a waiver or constitute an estoppel.

Also *held,* that the county was not entitled to have the stock of the railroad company, received by the town in exchange for its bonds, sold and the proceeds applied in payment of said bonds; that the town had the absolute right to have the sinking fund provided for by law applied in payment of the bonds without regard to the stock.

(Argued March 17, 1891; decided April 14, 1891.)

CROSS-APPEALS from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 1, 1889, which ordered a judgment in favor of plaintiff upon a case submitted pursuant to section 1279 of the Code of Civil Procedure.

The facts, so far as material, are stated in the opinion.

*A. P. Rich* for plaintiff.   The fact that the town taxes collected of the railroad company were not paid to the county treasurer, for the purpose of providing a sinking fund, did not exonerate the county from contributing the county and state taxes collected to a sinking fund for the redemption of the bonded indebtedness of the town.   (*Newman* v. *Bd. Suprs.,* 45 N. Y. 684 ; *Lounsberry* v. *Depew,* 28 Barb. 44 ; *Twinam* v. *Swart,* 4 Lans. 263 ; 6 Wait's Act. & Def. 679 ; *Hand* v. *Bd. Suprs.,* 31 Hun, 531.)   The town of Ira has not ignored the statutory scheme provided for the payment of its bonds, nor waived any rights entitling it to recover of the county the state and county taxes.   (Laws of 1869, chap. 907, § 4 ; Laws of 1871, chap. 283, § 4.)   The plaintiff is not prejudiced at all in its right to recover of the county as for money had and received, because it did not sell its stock in the railroad company and apply the proceeds towards the payment or redemption of the bonds.   (Laws of 1866, chap. 433, § 2 ; Laws of 1869, chap. 907, § 4 ; *Clark* v. *Sheldon,* 106 N. Y. 110 ; *Vandenburg* v. *Vil. of Greenbush,* 66 id. 1 ; *Whipple* v. *Christian,* 80 id. 523 ; *Strough* v. *Suprs.,* 119 id. 212.)   The judgment of the General Term relative to the taxes collected of the railroad company in the year 1888, was correct and should be affirmed.   (Laws of 1869, chap. 907, § 4.)   The town of Ira waived no remedy nor lost no rights, by the acts of its supervisor sitting as a member of the board of supervisors of the county.   (*Newman* v. *Bd. Suprs.,* 45 N. Y. 676 ; *Strough* v. *Bd. Suprs.,* 119 id. 212.)

*Wm. B. Woodin* for defendants.   The moneys commanded by the statute to be paid into the sinking fund, could not lawfully be diverted by the town to the payment of the interest upon the bonded indebtedness of the town.   The sinking fund was inviolate, and was to be held for the redemption of the town bonds and for no other purpose.   (*Clark* v. *Sheldon,* 106 N. Y. 110.)   The county of Cayuga had a right to share in all the benefits and advantages which might have resulted from a strict and faithful observance by the town of Ira of

the requirements of the statute under consideration, in regard to the sinking fund to be created, including its management, the purchase of the town bonds below par, investment, etc., of which it was deprived by the plaintiff. (1 Addison on Cont. 7, 8.) The town of Ira waived the statutory scheme provided for its own benefit, no taxpayer objecting, and having done so, and having otherwise provided for the payment of its bonded indebtedness, it cannot now enforce observance of the statutory methods for providing a sinking fund, nor maintain an action as for money had and received. (Laws of 1869, chap. 907, § 6.) A party may waive a right in his favor created by statute the same as any other. (*In re Cooper*, 97 N. Y. 507; *Tombs* v. *R. & S. R. R. Co.*, 18 Barb. 583; *Buel* v. *Town of Lockport*, 3 N. Y. 197; *Allen* v. *Comrs. of Land Office*, 38 id. 312; *Duryee* v. *Mayor, etc.*, 96 id. 477; *People ex rel.* v. *Zoll*, 97 id. 203; *Hilton* v. *Fonda*, 86 id. 339; *Brink* v. *H. F. Ins. Co.*, 80 id. 108.)

HAIGHT, J.  The facts agreed upon herein are substantially as follows:

On the 1st day of March, 1871, the town of Ira, pursuant to the provisions of chapter 433 of the Laws of 1866, and the several acts amendatory thereof, issued its bonds to the amount of $40,000 in aid of the construction of the Southern Central Railroad.  Subsequently, and from time to time thereafter, payments were made by the town upon such bonded indebtedness until the 1st day of March, 1888, at which time such indebtedness was fully paid and the bonds were surrendered and canceled.  The moneys with which such payments were made were raised by a general tax on real and personal property liable to taxation in the town of Ira, including the real and personal property therein owned by the Southern Central Railroad Company.  The state, county and town taxes, exclusive of school and road taxes, collected from the said Southern Central Railroad Company upon the assessed valuation of its real and personal property in the town of Ira, in the years 1872 to 1887 inclusive, were in amount as follows: State

taxes, $934.24; county taxes, $977.81; town taxes, $3,572.90. The state and county taxes in each year were paid over to the treasurer of the county by the town collector, and the same were used by him in the payment of the state taxes and the ordinary expenses and obligations of the county. The town taxes so collected were by the collector paid over to the supervisor of the town and were by him used and expended in payment of the ordinary and current expenses of the town. No money was ever set apart by the treasurer of the county as a sinking fund with which to pay off and retire the bonds so issued by the town of Ira, as required by chapter 907 of the Laws of 1869 and the several acts amendatory thereof. The plaintiff seeks to recover the amount of state and county taxes collected from such railroad company in the town of Ira during the years named which were paid over to the treasurer of the county and used by him as aforesaid. The General Term awarded judgment in favor of the plaintiff for the amount of the county taxes, with the interest accrued thereon, collected and paid over to the treasurer of the county within the six years prior to the submission of this controversy, and refused to award judgment to the plaintiff for the amount of such state taxes.

It is now contended on behalf of the defendant that the diversion by the town of Ira of the town taxes collected in each year from the railroad company exonerated the defendant and its treasurer from any obligation or duty to contribute the county and state taxes thus collected to a sinking fund for the redemption of the bonded indebtedness of the town; that such diversion by the town was unlawful; that it deprived the county of its right to share in the benefits and advantages which might have resulted from a strict and faithful observance of the statute by the town in regard to the sinking fund, and that it consequently amounted to a waiver on the part of the town of the statutory scheme provided for the payment of its bonded indebtedness.

The answer to this contention is, that the facts do not establish a waiver on the part of the town or constitute an estoppel;

that a duty was imposed upon the county treasurer to invest, as a sinking fund, for the purpose named, the state and county taxes that came into his hands for that purpose, and that it is not apparent that the county has suffered by reason of any failure on the part of the town or its officers to pay over to the treasurer the amount collected of the railroad company for town purposes. The theory upon which the plaintiff seeks to recover of the defendant is that it has diverted and converted to its own use the moneys collected and held by the treasurer for the sole purpose of paying and retiring the bonds issued by the town. It is insisted that if the town taxes had been paid over to the treasurer and had been by him invested, that he might have been able, through his management of the fund, to purchase the bonds below par, and thus sooner pay off and retire them; but the amount of such town taxes, as we have seen, were but $3,572.90, and there was no investment thereof that the treasurer could make which was authorized by the statute which would produce a greater income thereon than the interest allowed by law, the amount of which would not have been sufficient to pay the bonds or any considerable portion thereof before they matured and were in fact paid and retired by the town. The facts agreed upon make no mention of any time in which the bonds in question could have been purchased at any sum below par, and we cannot assume such fact to have existed for the purpose of reversing a judgment.

It is conceded in the briefs of counsel for the respective parties that the stock of the railroad company subscribed for by the town, upon the issuing of its bonds, still remains in the possession of the town, and has not been sold, and, it is claimed on behalf of the county, that it had the right to have this stock sold and the proceeds applied in the payment of the bonds in accordance with the provisions of the act of 1869 referred to, as amended by chapter 283 of the Laws of 1871.

We hardly think it necessary at this time to enter upon an extended consideration of these acts, for the reason that they have already been considered and construed by the Court of

Appeals in former cases; and, as we understand those cases, they were disposed of upon the theory that the acts in question do not impose a tax or burden upon the other towns of the county; that a town, by bonding itself and causing a railroad to be built, created a new and additional property, which became the subject of taxation; that the rest of the county was simply deprived of the benefits to be derived for the time being of the taxation of such property, so that the town might reap the benefits of the taxes collected thereon by having the same applied in the satisfaction of its bonded indebtedness; the result of which was to make the sinking fund provided for in the act, up to the time that the bonds matured and became due and payable, a fund which the town had the absolute right to have applied in the payment of the bonds without regard to the stock. (*In re Clark* v. *Sheldon*, 106 N. Y. 104–111; *Bridges* v. *Board of Supervisors of Sullivan County*, 92 id. 570–579.)

As to the appeal by the plaintiff, it distinctly appears in the facts agreed upon that the state and county taxes were diverted and paid out for state and county purposes. We, therefore, cannot assume that it remained in the general fund of the county, as was the case in *In re Spaulding* v. *Arnold* (34 N. Y. St. Rep. 980; 125 N. Y. 194), but the plaintiff should have been awarded judgment for the amount of the state taxes collected and appropriated within six years prior to the submission. (*Strough* v. *Board of Supervisors of Jefferson County*, 119 N. Y. 212–218.)

The judgment of the General Term should be modified by adding to the recovery against the defendant the sum of $361.91, together with $71.54 interest thereon to the 18th day of December, 1888, together with interest thereon from that date to the date of the entry of the judgment, and, as so modified, the judgment should be affirmed, with costs to the plaintiff.

All concur.

Judgment affirmed.