McGRORY v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. December 28, 1899.)

TOWN OFFICERS—AUTHORITY TO WAIVE LIMITATIONS.
    A town board has no authority to revive a claim against the town after it has been barred by limitations.

Action by William J. McGrory, executor of the will of Daniel J. McGrory, deceased, against the city of New York. Judgment for defendant.

Alfred R. Cooley, for plaintiff.
John Whalen and C. A. O'Neill, for defendant.

McADAM, J. The action is to recover $300 for services rendered by Daniel J. McGrory, the plaintiff's testator, to the late town of Westchester, the obligations of which, upon the annexation of the town to the city of New York, were assumed by said city, pursuant to chapter 934 of the Laws of 1895. It appears that the plaintiff's testator in the spring of 1888, acting under a resolution of the town board which appropriated $300 for the purpose, made certain maps for the use of the town assessors. No formal audit was necessary to entitle the claimant to the promised reward, yet the town board on June 3, 1895, after the demand was outlawed, by resolution audited the claim, and directed it to be paid. The resolution was passed three days before the formal annexation of the town, and its evident purpose was to protect the claim from the statute of limitations by reviving it, so that the city of New York could not avoid its payment. The defendant insists that the statute of limitations constitutes a complete bar to the action, notwithstanding the resolution. The town officials were, in a sense, trustees, and as such bound to protect the inhabitants of the town against outlawed or other uncollectible demands,—as much so as executors, who cannot waive the statute of limitations after it has once attached. Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. The plaintiff relies upon Woods v. Board, 136 N. Y. 403, 32 N. E. 1011, which holds that the power given to boards of supervisors to audit, settle, pay, or compromise claims against their counties implies power to waive, by proper agreement, the defense of the statute of

limitations as to claims not barred, and where it has thus been waived by a board its action binds a succeeding board. There the supervisors did not attempt to revive a claim against the county, but by means of their resolution obtained delay for the benefit of the county which it could not otherwise have obtained. If the resolution had not passed, the county would have been sued at once. But as to a claim already barred by the statute, so as to become uncollectible, a different rule must obtain. If town officials can revive debts against their town after the statute has effectually defeated all remedy for their collection, so may city and county officials, and claims 10 and 20 years old, or even more antiquated, may be resurrected and converted into existing obligations at the pleasure of accommodating town, city, or county functionaries, to the prejudice of the public weal. A power fraught with such danger to taxpayers and constituencies should not meet with judicial favor or sanction.

There must be judgment for the defendant.