In the Matter of the Application of TIMOTHY D. POUCHER, as President of the Federation of Teachers' Associations of the City of New York, Petitioner, for a Peremptory Mandamus Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Another, Respondents.

Supreme Court, New York County, February 26, 1927.

Schools — New York city — " vacation salary " of teachers for July, August and part of September — teacher died in July, 1919 — board of education refused to pay salary after July under by-law of board — by-law was repealed after Commissioner of Education determined it to be illegal — test case brought on similar claim was decided in December, 1925, in favor of teachers — petitioner, assignee of legal representatives of deceased teacher, was requested to await decision in test case, which was determined in December — claim was then audited by board of education — six-year Statute of Limitations has not run — comptroller directed to countersign audit made by board of education — petitioner is not entitled to interest.

This is a peremptory mandamus proceeding to compel the comptroller of the city of New York to countersign an audit of a teacher's " vacation salary " after her death in July, 1919. The claim was presented by the petitioner, as assignee of the legal representatives of the teacher, for her allotted salary for the month of August and a part of September, but the board of education refused to pay the claim under one of its by-laws. Notwithstanding the fact that the board of education repealed the by-law after a determination by the Commissioner of Education that it was invalid, the board refused to audit the claim and a test case was begun against the comptroller to compel him to countersign the audit of a similar claim. There is evidence that the board requested the petitioner to await the determination of the test case before bringing suit against the board of education for the salary. Though the Appellate Division did not determine said test case in favor of the teachers until December, 1925, the six-year Statute of Limitations has not run against this claim, for the request made by the board

Supreme Court, February, 1927. [Vol. 128

to the petitioner to await the determination of the test case must be deemed, in the light of the subsequent events, to be an acknowledgment of the claim prior to the expiration of the six-year bar.

Consequently, the comptroller must countersign the audit of this claim which was prepared by the board of education after the determination by the Appellate Division. However, petitioner is not entitled to interest in the absence of any evidence showing when a demand was made for payment.

APPLICATION for a peremptory order of mandamus.

*J. M. Cohen*, for the petitioner.

*George P. Nicholson, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the respondents.

LEVY, J. This is an application for a peremptory order of mandamus against the board of education of the city of New York and Charles W. Berry, as comptroller of the city, directing the former to amend its audit of a claim and the latter to countersign such order. The moving party is the assignee of the legal representatives of a deceased teacher in the New York public school system and the proceeding develops out of the long mooted question as to the extent to which the estate of a teacher who dies during the summer vacation period is entitled to the unpaid balance of what is popularly but erroneously called ." vacation salary." The teacher whose interests petitioner represents died on July 19, 1919, at which time she had already been paid the twelfth part of her annual salary allotted for July of that year, but the board of education, pursuant to its by-laws, refused to pay the salary for August and for the part of the vacation period extending into September. Thereafter, the board, following a determination by the State Commissioner of Education that the by-law was invalid and that the estate of a deceased teacher is entitled to full compensation for the remainder of the vacation period during which she dies, repealed this by-law. Upon a test case instituted against the comptroller to compel him to countersign the audit of a similar claim, an order was entered in favor of the claimant and this order was unanimously affirmed by the Appellate Division in December, 1925 (*Matter of Rabenort* v. *Craig*, 215 App. Div. 771). Thereupon, the auditor of the board of education prepared an audit of the claims of eighteen teachers including the one here involved and transmitted them to the comptroller who countersigned all except two, one of which is the petitioner's.

The comptroller does not dispute the fact that the claim would ordinarily be honored, but resists the application on the ground that it became outlawed on October 1, 1925, this being six years after the day on which the last installment of vacation salary was

payable. Such a defense, generally speaking, would be valid unless the debt was acknowledged by the board of education within the period of limitations. Such an acknowledgment would cause the statute to run from the date when it was made, notwithstanding the subsequent failure or refusal of the comptroller to join in such recognition of the debt; for in countersigning the audit by the board of education or its authorized bureau, the comptroller acts merely as a ministerial officer. (*Matter of Reif* v. *Schwab*, 204 App. Div. 50. See, also, *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125.) But in the instant case the acknowledgment of the debt by the board's audit came after the expiration of the ordinary statutory limitation period. In the absence of exceptional conditions, a claim against a public body barred by the statute cannot be revived by a recognition thereof by its authorized representatives, as they occupy the position of trustees. (*McGrory* v. *City of New York*, 30 Misc. 56.) In that case it was held that a town board could not authorize the payment of a reward to the plaintiff after his claim was barred. But where, as here, the claim represented by the petitioner was audited in regular course together with a number of others and at the earliest instance in which this could be done after the determination of the test case, the situation seems to present aspects which justify a deviation from the general rule. It would be the height of injustice not to honor the claim involved in the particular petition while honoring all the others situated similarly, except that they happened to accrue at a later date. This is especially true in view of the fact that the undisputed record clearly negatives any inferences that the claim was abandoned. Application to the board of education for payment was made within the statutory period, and the reply to the same may, in the light of subsequent events, be well deemed an acknowledgment of the claim prior to the expiration of the six-year bar. Upon receipt of the claim the auditor notified the claimant in writing that it would be disposed of upon the determination of the Rabenort litigation. Even if not such an acknowledgment, it lulled the claimant into a sense of security and into a belief that it would be recognized in due course after the favorable determination of the test case; and was obviously the inducing cause which led the claimant to refrain from bringing suit against the board of education. The circumstances are thus analogous to those in *Woods* v. *Supervisors* (136 N. Y. 403), in which it was held that by reason of the conduct of the board of supervisors in inducing plaintiff to delay legal proceedings, the plea of the Statute of Limitations was unavailing.

The principal claim of the petition should, therefore, be allowed

to the extent of compelling the comptroller to countersign the order. As to the claim of interest, the rule in *Taylor* v. *Mayor* (67 N. Y. 87) must govern to the effect that interest can only be claimed from the time of demand. It was there said that the " city government is not required to seek out those who have claims against it, and pay them even when due." The same rule undoubtedly applies to the board of education as an independent municipal corporation. (*Smith* v. *Board of Education,* 208 N. Y. 84.) This is true, as held in the latter case, even though the claim was liquidated and due at a definite date. There is no evidence in the record as to when demand was made for the payment, and nothing, therefore, to indicate how such interest may be properly computed. The demand to insert interest in the audit will, therefore, be denied, while in all other respects the application will be granted. Settle order.