(11 App. Div. 217.)

VILLAGE OF PORT RICHMOND v. COUNTY OF RICHMOND.

(Supreme Court, Appellate Division, Second Department.   December 30, 1896.)

1. COUNTIES—SCOPE OF TREASURER'S AGENCY—LIABILITY OF COUNTY.
  A county excise board may deposit license moneys with the county treasurer for distribution to the villages, so as to render the county liable to a village for the treasurer's misappropriation of the moneys, since the provision that town excise boards should pay the license moneys to the town supervisors (Laws 1892, c. 401, § 15), though applying, so far as practicable, to the county board, which succeeded the town boards, does not provide through what officer the county board shall distribute the license moneys.

2. SAME—FORM OF ACTION.
  An action for money had and received is the proper remedy by a village to recover from the county money which was properly in the hands of the county treasurer for distribution to the villages and was misappropriated by him.

  Cullen, J., dissenting.

Appeal from special term, Kings county.

Action by the village of Port Richmond against the county of Richmond to recover money collected for licenses issued to residents

of the village and paid by the excise board to the county treasurer. From a judgment entered on a decision of the trial judge in favor of plaintiff, defendant appeals.    Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas W. Fitzgerald, for appellant.

Calvin D. Van Name, for respondent.

BRADLEY, J.    The purpose of the action was to recover a sum of money collected by the board of excise commissioners of the county of Richmond and paid to the treasurer of that county, to which money, it is alleged, the plaintiff was entitled.    The action was determined upon a conceded state of facts to the effect that the plaintiff was entitled to the money in question by virtue of the statute which provides that all moneys received for licenses issued to the residents of that village shall be paid over to its treasurer, who shall render an annual account thereof, and the trustees shall expend the moneys so paid to the treasurer for the ordinary expenses of the village.    Laws 1874, c. 63, § 1, as amended by Laws 1892, c. 60, § 3. Prior to April 30, 1892, there were town boards of excise in the county of Richmond.    On that day a county board of excise was provided for by Laws 1892, c. 404, and in that year such county board received for licenses issued to the residents of the plaintiff $2,975, and paid the same to the county treasurer of the defendant, of which amount the sum of $1,967.50 only had been paid to or received by the treasurer of the village of Port Richmond.    In September of that year the school commissioner of the county of Richmond apportioned all such license money among the several schools of the town of Northfield, and the entire sum was paid by the county treasurer to the supervisor of that town without the assent of the plaintiff, and he, without its consent, pursuant to such apportionment, paid $1,007.50 of such money to the schools of the town and $1,967.50 to the treasurer of plaintiff.    The right of the plaintiff to such fund is not questioned, but it is with much force urged on the part of the defendant that the county treasurer, in his relation as such to the county, never had the custody of that money, because he was not by virtue of any statute made the custodian of it.

The liability of the defendant in the present case is dependent upon the relation to it of agency of the county treasurer in some sense applicable to the receipt and disposition of the money by him.    The excise law of 1892 provided that every board of excise and every commissioner of excise of a town should pay money received for licenses to the supervisor of the town, to be applied to the payment of its ordinary expenses, "unless otherwise provided by a special or local law."    Laws 1892, c. 401, § 15.    At that time the boards of excise generally were town boards; and by the statute before referred to, creating a county board of excise for Richmond county, it was provided that all the powers and duties theretofore conferred upon the boards of excise in towns should apply to the board so created. Laws 1892 c. 404, § 3.

Our attention is called to the fact that, by the earlier statutes, it was provided that excise moneys be paid to the county treasurers for use as a poor fund. Those provisions are not applicable, as has been seen, to the county of Richmond. The statutory direction applicable to that county was that the excise board of each town pay the excise money to its supervisor. When the county board of excise was created, that statutory provision was, so far as practicable, applicable to it. But this grant of power did not, in express terms, relate to the fund to which the plaintiff was entitled, nor did the statute expressly provide or direct through what instrumentality the moneys to which it was so entitled should be paid to the village of Port Richmond, although it may be inferred that it was contemplated that they would be paid to it by the excise board, as had been provided by the prior statute of 1874, which was amended, as before mentioned, by that of 1892. A somewhat different situation was apparently presented by the substitution of a county board of excise for those of the several towns. Then the entire amount of moneys received for licenses collected by a single board became the subject of distribution, and, as the board, as well as the treasurer, was such of the county, "it would seem that it was within the legitimate power of the board to pay to the county treasurer, and for the latter, as such, to receive and distribute the moneys, and pay the same to the local authorities entitled to them." In that view the county treasurer, on receipt of the money, became and was the custodian of it, in the capacity of agent of the county, and for any misappropriation of it by him, resulting in his failure to pay it to those entitled to receive it from him, the defendant became liable to them. Newman v. Supervisors, 45 N. Y. 676; Bridges v. Board, etc., 92 N. Y. 570; Strough v. Board, etc., 119 N. Y. 212, 23 N. E. 552; Vinton v. Board, etc., 89 Hun, 582, 35 N. Y. Supp. 285.

It is true that, in the Newman Case, and the other cases above cited, it appeared that the counties in some sense derived a benefit from the use and misappropriation of the funds there in question. But that fact is not deemed essential to the support of an action founded upon the diversion by the county custodian of money to which another is entitled. As was said in the Bridges Case, the action for money had and received is a proper remedy for relief. In the present case, the defendant's treasurer having properly received money which the plaintiff was entitled to receive from him, made such use of it as to divert the money from the use of the plaintiff.

These views lead to the conclusion that the judgment should be affirmed. All concur, except CULLEN, J., dissenting, and BARTLETT, J., not voting.