ALLEN BENEDICT, Respondent, *v.* S. MILLER BENEDICT et al.,
Appellants.

(Argued April 29, 1881; decided May 10, 1881.)

THE complaint in this action alleges that in February, 1873, the plaintiff conveyed certain lands to the defendant S. Miller Benedict, for the consideration of $15,000, for which the defendants gave their promissory notes; that the defendants took possession of the lands and held them until August, 1874, when they entered into a parol agreement, by which they agreed to convey the lands to the plaintiff, in consideration of the surrender by him of the notes given for the purchase-money; that the plaintiff, in performance of the agreement on his part, delivered all the notes, which were valid for their full face and interest, to the defendants, who destroyed them, and that they, thereafter, retained possession of the lands and refused to convey them to the plaintiff. The referee found the parol agreement to reconvey the lands, and the surrender to the defendant of the notes and their destruction by the defendants, but he held that the agreement was void under the statute of frauds.

The particular relief demanded in the complaint was for specific performance of the parol agreement to convey the lands to the plaintiff. There was also a general prayer for relief. The relief granted was that the plaintiff should have a lien upon the lands for purchase-money due him upon the sale thereof to the defendant S. Miller Benedict, and that such lien be foreclosed.

The court say: " The Code of Proceedure (§ 275) provided

that the court could grant the plaintiff 'any relief consistent with the case made by the complaint and embraced within the issues.' The sole question presented for our consideration is whether this provision was violated on the trial of this action. * * * The facts alleged showed that the plaintiff had sold lands to the defendant for which he had not been paid; that the purchase-price remained due. Nothing more was needed to show that he had an equitable lien for such purchase-price; and a portion at least of the purchase-money being due, no other allegation was needed to entitle him to a foreclosure of his lien. (*Jarson* v. *Green*, 1 Johns. Ch. 308; *Fish* v. *Howland*, 1 Paige, 20; *Bradley* v. *Bosley*, 1 Barb. Ch. 125; *Dubois* v. *Hull*, 43 Barb. 26.)

And upon the allegations in the complaint and answer there was no error in taking the account between the parties because the defendant was entitled to credit upon plaintiff's claim for the purchase-money whatever he had paid the plaintiff thereon, and whatever was due him from the plaintiff, which should equitably be applied thereon.

The trial seems to have been a fair one. The defendant had abundant opportunity to present any defense, legal or equitable, to plaintiff's claim for a lien. The whole controversy between the parties was fully and fairly investigated, and we should not be astute upon a ground which appears merely technical, to find a reason for opening a litigation which after much labor and expense was closed by the judgment appealed from."

*C. D. Adams* for appellant.

*Cornelius E. Stephens* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed.