THE A. HALL TERRA COTTA COMPANY, Respondent, *v.* ANDREW T. DOYLE, Appellant.

In an action, which was in form for the foreclosure of a mechanic's lien, the complaint alleged the making of a contract by which plaintiff was to furnish defendant certain building materials for the price of $1,250. That there was a balance due thereunder of $652. The answer alleged the contract price to be $1,000 and defendant conceded $402 to be due. The evidence as to the agreed price was conflicting. It appeared that a bond had been given discharging the lien of record. The referee found for plaintiff and judgment was rendered against the defendant personally for the amount claimed. *Held,* that it was competent for the court to direct personal judgment under the pleadings; that the action was not one affecting the title to real property or an interest therein; and that the amount involved was not sufficient to render the case appealable here.

(Submitted April 18, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 12, 1891, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The following is the opinion in full:

" This appeal must be dismissed, inasmuch as the amount in controversy is less than $500. The complaint was, in form, for the foreclosure of a mechanic's lien filed against the defendant's property. The plaintiff alleged the making of a contract, under which he was to furnish to the defendant certain Terra Cotta building materials of the value of $1,250, and that there was a balance due to him under the contract of $652. The answer put in issue the contract price, alleging that the plaintiff agreed to furnish the materials for the sum of $1,000, and that defendant agreed to pay ' something extra ' if plaintiff proceeded promptly, which he failed to do. The referee found the fact as to contract price in favor of the plaintiff and directed judgment in accordance with his legal conclusion that the plaintiff should recover of the defendant $652$\frac{16}{100}$. The defendant specifically requested the referee to find, as a legal conclusion, that the plaintiff was entitled to judgment against him for only the sum of $402. The controversy upon the trial turned upon conflicting evidence adduced by the parties, upon the subject of what was the agreed price at which the materials were to be furnished. The pleadings and proceedings and the evidence when referred to, as we have the right to do, disclose to us clearly that the amount in controversy was for less than $500. (*Knapp* v. *Deyo,* 108 N. Y. 518.) Nor was the action one which was appealable as affecting the title to real property or an interest therein. (*Norris* v. *Nesbit,* 123 N. Y. 650.)

" The question raised and discussed by the appellant upon this appeal is that the court was without jurisdiction to determine the action, inasmuch as the lien had been discharged by a bond, furnished pursuant to the provisions of the Lien Act (§ 24, chap. 342, Laws 1885), and hence no action in foreclosure could be maintained. But this does not make the case appealable, by drawing into the controversy the whole of the judgment rendered.

" It is true that the complaint prays judgment as for a foreclosure and sale ; but with its other allegations of indebtedness and of lien proceedings, it had also alleged the giving of the bond discharging the lien of record. It was quite competent, therefore, for the court to direct any judgment consistent with

the case, made by the complaint and embraced within the issue. (Code, § 1207; *Benedict* v. *Benedict*, 85 N. Y. 625.) That was done in this case. The judgment directed and entered here was only against the defendant, personally. It did not adjudge a foreclosure and sale of the defendant's interest in the premises described in the complaint; but, on the contrary, merely adjudged that 'plaintiff had a good and valid lien, * * * and but for the filing of the bond * * * would be entitled to a judgment foreclosing, etc.'

"As this case is not appealable to this court, in any aspect we may look at it, to discover the amount involved, I think the appeal should be dismissed. This result is reached by us with less reluctance, inasmuch as we consider the appeal to be without merit.

"The appeal should be dismissed, with costs."

*Charles J. Hardy* for appellant. ·

*McCall & Arnold* for respondent.

GRAY, J., reads for dismissal of appeal.
All concur.
Appeal dismissed. ———————————