GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.

---

VASCO P. ABBOTT, Appellant, *v.* JAMES B. EASTON, Respondent.

Trial — when motion to dismiss a complaint is, in effect, a demurrer — mechanic's lien — when plaintiff failing to establish a lien may recover personal judgment for amount due.

A motion made at the commencement of a trial to dismiss a complaint on the ground that it does not state facts sufficient to constitute a cause of action is practically a demurrer to the complaint on that ground, and it cannot be sustained unless it appears that admitting all of the facts alleged, no cause of action whatever is stated.

Where a plaintiff fails to establish a lien because the notice of lien does not comply with the statute, or a complaint is found insufficient because it does not allege facts sufficient to constitute a cause of action to enforce a mechanic's lien, but the complaint contains allegations sufficient to constitute a cause of action for goods sold and delivered or labor performed, a personal judgment may be recovered as in an action on a contract. *Bradley & Currier Co.* v. *Pacheteau,* 175 N. Y. 492, followed. *Abbott* v. *Easton,* 122 App. Div. 274, reversed.

(Argued May 3, 1909; decided May 18, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 27, 1907, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the St. Lawrence County Court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James C. Dolan* for appellant. Even though the complaint is insufficient to enable a foreclosure of the lien to be had. nevertheless the action is well brought and can be maintained, (Code Civ. Pro. § 3412; *Terwilliger* v. *Wheeler,* 81 App. Div. 460; *Ryan* v. *Train,* 95 App. Div. 74; *Schenectady Co.* v. *S. R. Co.,* 106 App. Div. 338; *Leahy* v. *Wegemar,* 120 App. Div. 421; *McDonald* v. *Mayor, etc.,* 113 App. Div. 630; *Bradley & Co.* v. *Pacheteau,* 175 N. Y. 492; *Hawkins* v. *M. C. Co.,* 178 N. Y. 239.)

*Howard R. Sturtevant* and *C. Arthur Parker* for respondent. The county judge was right in dismissing the complaint. (*Hallahan* v. *Herbert,* 57 N. Y. 409; *Schillinger, etc., Co.* v. *Arnott,* 14 N. Y. Supp. 326; *Ketchler* v. *Stumner,* 4 J. & S. 337; Code Civ. Pro. § 1629; *Schick* v. *Donohue,* 77 App. Div. 321; *Patterson* v. *Powers,* 4 Paige, 549; *Vanderbilt* v. *Schreyer,* 91 N. Y. 392; *Dudley* v. *Congregation of St. Francis,* 138 N. Y. 451.) A personal judgment cannot be rendered under section 3412 of the Code of Civil Procedure unless a valid lien has been established,

or through the absence of some informality the same cannot be enforced. (*Mowbray* v. *Levy,* 85 App. Div. 67; *Thompson-Starret Co.* v. *B. H. R. R. Co.,* 111 App. Div. 358; *Aex* v. *Allen,* 107 App. Div. 182; *Cody* v. *White,* 34 Misc. Rep. 638; *Kane* v. *Hutkoff,* 81 App. Div. 105; *D. S. P. Co.* v. *Clark,* 87 App. Div. 459; *Meneely* v. *City of New York,* 119 App. Div. 376.) Appellant did not ask to go to trial, but waived his right thereto, by consenting that the motion be disposed of as a matter of law. (*Goldberg* v. *Utley,* 60 N. Y. 420; *Rawson* v. *Silo,* 105 App. Div. 278; *Swart* v. *Boulton,* 35 Hun, 281.) Where the allegations and prayer of the complaint are addressed exclusively to the equitable cognizance of the court, and do not disclose a cause of action for legal redress, and there is a failure of allegations to entitle plaintiff to equitable relief, the complaint should be dismissed, and this may be done although the objection is not raised by plea or answer. (*De Bussierre* v. *Holladay,* 4 Abb. [N. C.] 111.)

CHASE, J. The complaint alleges that the plaintiff sold and delivered to the defendant certain lumber of the value therein stated and that no part of the same has been paid though past due and often demanded. It further alleges that the lumber therein mentioned was used in the improvement of certain real property owned by the defendant and therein specifically described and that within ninety days after the sale of said lumber a mechanic's lien was filed therefor in the St. Lawrence county clerk's office.

The plaintiff demanded judgment "for fifty-three dollars and seventy-one cents with interest from January 12, 1906, and that said judgment be declared a lien upon the said premises for said amount, with costs, that the defendant be forever barred and foreclosed from all interest in the premises and that the same be sold according to the rules and practice of the court. * * *"

An answer was interposed and the case came on for trial at a regular term of the St. Lawrence County Court, and the

defendant moved to dismiss the plaintiff's complaint upon the grounds: "1. Said complaint does not contain a sufficient averment as to the making and filing of a notice of lien. 2. Or state whether any other action has been brought to recover any part of the debt in said complaint mentioned, or whether any part of such debt has been collected." The court granted the motion and judgment was entered dismissing the complaint, in which judgment it is recited that "The Court determined that the complaint failed to state facts sufficient to constitute a cause of action." It was assumed on the argument of this appeal, and it is assumed by us, that the complaint does not state facts sufficient to constitute a cause of action for the enforcement of the alleged mechanic's lien. It does, however, include allegations sufficient to constitute a cause of action for goods sold and delivered, and it demands judgment for the alleged value thereof as well as for the enforcement of the lien by foreclosure and sale of the premises therein described.

In the case of *Bradley & Currier Co.* v. *Pacheteau* (175 N. Y. 492) the plaintiff brought an action to enforce a mechanic's lien, and included in his complaint allegations sufficient to constitute a cause of action for the labor performed and materials furnished, as stated in the complaint. A judgment was recovered at Special Term for the enforcement of the lien. An appeal was taken therefrom to the Appellate Division, and it was there held that the notice of lien did not comply with the statute, and the judgment of the Special Term was reversed and the complaint dismissed. (*Bradley & Currier Co.* v. *Pacheteau*, 71 App. Div. 148.) An appeal was taken therefrom to this court and the memorandum decision is reported as stated, and is as follows: "Order reversed and judgment of Special Term so modified as to award a personal judgment only, pursuant to section 3412 of the Code of Civil Procedure, and as thus modified affirmed as of November 9, 1901, without costs in this court or in the Appellate Division to either party."

That case is conclusive upon the main contention in this

case. It in effect clearly holds that the language of section 3412 of the Code of Civil Procedure should have its ordinary and natural meaning.

Where a plaintiff fails to establish a lien because the notice of lien does not comply with the statute or a complaint is found insufficient because it does not allege facts sufficient to constitute a cause of action to enforce a mechanic's lien, but the complaint contains allegations sufficient to constitute a cause of action for goods sold and delivered or labor performed, a personal judgment may be recovered as in an action on a contract. (*Bradley & Currier Co.* v. *Pacheteau, supra; Hawkins* v. *Mapes-Reeve C. Co.,* 178 N. Y. 236, 239; *Ryan* v. *Train,* 95 App. Div. 73; *Gilmour* v. *Colcord,* 96 App. Div. 358; *Schenectady C. Co.* v. *Schenectady Ry. Co.,* 106 App. Div. 336.)

The question as to the constitutionality of section 3412 of the Code of Civil Procedure, so far as it affects the right to a trial of an action at law by a jury, is not now before us. The right to a trial by jury can be waived and it is waived by going to trial in apparent assent to a trial without a jury. It will be assumed that trial courts will protect the constitutional rights of parties when such question is properly presented for consideration. Until it appears that such constitutional rights have been violated any discussion thereof would be academic.

It is further contended by the defendant that the plaintiff waived any claim that his complaint set forth a good cause of action for goods sold and delivered. The record does not disclose any such waiver. If the complaint stated a good cause of action the motion was improperly granted. That question was one of law. It is made such by the Code of Civil Procedure and not by any statement or acquiescence of the plaintiff.

A motion made at the commencement of a trial to dismiss a complaint on the ground that it does not state facts sufficient to constitute a cause of action is practically a demurrer to the complaint on that ground, and it cannot be sustained unless

it appears that admitting all of the facts alleged, no cause of action whatever is stated. (*Kain* v. *Larkin*, 141 N. Y. 144; *Sanders* v. *Soutter*, 126 N. Y. 193; *Marie* v. *Garrison*, 83 N. Y. 14; *Herbert* v. *Duryea*, 87 Hun, 288.)

We think the trial court and the Appellate Division were wrong in holding that the complaint should be dismissed.

The judgment of the Appellate Division and of the trial court should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur; CULLEN, Ch. J., absent.

Judgment reversed, etc.