I advise that this judgment be affirmed, with costs.

JENKS, P. J., THOMAS, CARR and STAPLETON, JJ., concurred.

Judgment affirmed, with costs.

---

PETER W. PRIME and Others, as Administrators, etc., of HENRY M. PRIME, Deceased, Respondents, *v.* MARY A. HUGHES, Appellant, Impleaded with ANNA MANNING and Others, Defendants.

Third Department, June 30, 1916.

Mechanics' liens — foreclosure — sufficiency of complaint — personal judgment.

Where a complaint in an action to foreclose mechanics' liens is insufficient in that it does not state whether any other action has been brought to recover any part of the lien debt, as required by section 1629 of the Code of Civil Procedure, the plaintiff may, nevertheless, recover a personal judgment for the sums due him under section 54 of the Lien Law, where the allegations of the complaint and proof are sufficient.

The plaintiff should not be denied relief under such a complaint upon the ground that no demand was made for personal judgment.

APPEAL by the defendant, Mary A. Hughes, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Essex on the 20th day of January, 1916, upon the decision of the court after a trial before the court without a jury.

*S. E. Maders,* for the appellant.

*Fred M. La Duke,* for the respondents.

Judgment unanimously affirmed, with costs, on the opinion of Borst, J., at Trial Term.

The following is the opinion of Mr. Justice Borst:

Borst, J.:

The evidence sustains plaintiffs' contention that the work and materials, the value of which they seek to recover in this action, were furnished by authority from defendant owner's duly authorized agent and were of the value claimed. She has had the benefit of this work and these materials and should pay therefor. Her counsel urges, however, that under the pleadings and proof in this action, plaintiffs cannot have a recovery.

The complaint is insufficient for a foreclosure of the liens in that it does not state whether any other action has been brought to recover any part of the lien debt. (Lien Law [Consol. Laws, chap. 33; Laws of 1909, chap. 38], § 43; Code Civ. Proc. § 1629; *Schwartz* v. *Klar,* 144 App. Div. 37.) It is not necessary, therefore, to consider the other objections raised against plaintiffs' right to have a foreclosure of their mechanics' liens in this action.

The right to foreclose the liens failing, plaintiffs, nevertheless, are entitled to personal judgment. The allegations of the complaint in each cause of action are sufficient for such judgment. (*Abbott* v. *Easton,* 195 N. Y. 372; *Bradley & Currier Co.* v. *Pacheteau,* 175 id. 492; *McDonald* v. *Mayor, etc.,* 113 App. Div. 625, 630.) The suggestion made by defendant's counsel, that no demand being made for a personal judgment none could be granted, is without force.

Under our system of pleading the plaintiffs are entitled to any relief, irrespective of the prayer for judgment. (*Parker* v. *Pullman & Co.,* 36 App. Div. 208, 218.) Further, the Lien Law (§ 54) provides that if the lienor shall fail for any reason to establish a valid lien in an action under the provisions of that law, he may recover judgment therein for such sums as are due him or which he might recover in an action on contract

against any party to the action.    Clearly this section is authority for a personal judgment where sufficient facts are alleged in the complaint for that purpose as in this case and the proof establishes the necessary facts for such judgment.

A proposed decision may be prepared in accordance with these suggestions.