JESSE D. BRIGHAM and Another, Copartners, etc., Respondents, v. REUBEN W. DUANY and Another, Appellants, Impleaded with SALVATORE CUDIA, Defendant, and PORT CHESTER LUMBER COMPANY, Respondent.— Judgment of foreclosure in favor of plaintiffs and against the defendant, owners, reversed on reargument, on the law and the facts, upon the ground that the lien is defective in that it fails to contain a statement of the agreed price or value of the labor and materials, a statement of the full amount of the contract and extra work, and the agreed price and value thereof, or a statement of the whole value of the labor performed and materials furnished. (*Toop* v. *Smith*, 181 N. Y. 283; *Flaum* v. *Picarreto*, 226 id. 468.) Plaintiffs were entitled to personal judgment against

the defendant owners for the reason that " the defendants, Reuben W. Duany and Helen L. Duany, consented to the improvements of the premises by the plaintiffs and Salvatore Cudia, and that said improvements were made with the knowledge and consent of the said defendants, Reuben W. Duany and Helen L. Duany and that said defendants, Reuben W. Duany and Helen L. Duany, derived pecuniary benefit and increased rental from said improvements " (See *Prime* v. *Hughes*, 174 App. Div. 406), and personal judgment is directed, without costs. The consent of such defendant owners as to the materials furnished by the Port Chester Lumber Company, within the meaning of the statute,* appears sufficiently by the evidence (*National Wall Paper Co.* v. *Sire*, 163 N. Y. 122), and its judgment is affirmed, with costs. Kelly, P. J., Rich, Kelby, Young and Kapper, JJ., concur. (See 209 App. Div. 902; 210 id. 854.) Settle order on notice.