JESSE D. BRIGHAM et al., Copartners under the Firm Name of J. G. BRIGHAM & Co., Respondents, *v.* REUBEN W. DUANY et al., Appellants, and PORT CHESTER LUMBER COMPANY, Respondent, Impleaded with Another.

**Liens — foreclosure of mechanic's lien — landlord and tenant — contract — materials furnished on credit of tenant — recovery against landlords as on contract not supported by mere findings of consent and benefit on their part — futile attempt to file notice of lien creates no contractual liability — no recovery warranted under sections 54 or 64 of the Lien Law — unanimous affirmance of finding of consent — assumed that consent was such as law requires.**

1. Consent and benefit do not in themselves create an agency or import contractual liability as between the landlord and those who furnish materials on the tenant's credit.

2. A recovery, in an action to foreclose a mechanic's lien, as of an amount due on a contract to pay for the materials, made by the owners with the plaintiffs, is not supported by findings that the owners consented to the improvements by. the plaintiffs under the agreement between them and the tenant and derived pecuniary benefit from such improvements. No contract to pay for the materials furnished may be implied from such findings and the tenant is not, as such, the agent of the landlords who may charge him with personal liability for materials ordered for the improvement of the real estate. A futile attempt to file a notice of lien in itself creates no contractual liability which does not otherwise exist. No recovery may be had, therefore, under the provisions of section 54 of the Lien Law and section 64 merely makes clear that a personal judgment may be granted if the lienor fails to establish his lien but does establish a contractual liability.

3. A lien in favor of one of defendants resting on a finding of the consent of the owners to the improvements, being unanimously affirmed, it must be assumed that the finding implies the ultimate fact of the consent which the law requires.

*Brigham* v. *Duany*, 211 App. Div. 869, modified.

(Argued December 8, 1925; decided January 12, 1926.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 8, 1925, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

*William A. Davidson* for appellants. The plaintiffs are not entitled to a personal judgment against the owners. (*Gilmour* v. *Colcord*, 183 N. Y. 342; *Zimmerman* v. *Loft*, 125 App. Div. 725; *Kane* v. *Hatkoff*, 81 App. Div. 105; *Siegel* v. *Ershowsky*, 46 Misc. Rep. 605.) There was no consent, request or action by or on behalf of the owners, or either of them, by reason of which their lands could be charged with the liens in question, and there is no evidence in the record to sustain the findings to the effect that there was such a consent. (*De Klyn* v. *Gould*, 165 N. Y. 282; *Rice* v. *Culver*, 172 N. Y. 60; *Garber* v. *Spivah*, 65 Misc. Rep. 37; *Sager* v. *Renwick Park & Traffic Assn.*,

172 App. Div. 359; *Beck* v. *Catholic University*, 172 N..Y. 387; *Petrillo* v. *Pelham Bay Park Land Co.*, 119 Misc. Rep. 154.)

*William C. Young.* for plaintiffs, respondents. The defendants Reuben W. Duany and Helen L. Duany consented to the improvements and a personal judgment against them is proper. (*Butler* v. *Flynn*, 51 App. Div. 225; *National Wall Paper Co.* v. *Sire*, 163 N. Y. 122; *Anderson* v. *Falkenmayer*, 148 N. Y. Supp. 746; *Prime* v. *Hughes*, 159 N. Y. Supp. 1041; *Ball* v. *Doherty*, 144 App. Div. 277; *New Chester Theatre Co.* v. *Bischoff*, 205 N. Y. Supp. 641; *Mitchell* v. *Dunmore Realty Co.*, 135 App. Div. 583; 199 N. Y. 529; *Gilmour* v. *Colcord*, 96 App. Div. 358; 183 N. Y. 342.)

*John M. Holzworth* for defendant, respondent.

POUND, J. Plaintiffs brought this action to foreclose a mechanic's lien filed by them against premises owned by defendants Duany as tenants by the entirety and occupied by a tenant, defendant Cudia. Defendant Port Chester Lumber Company also sought to enforce its lien. The materials were furnished to the defendant tenant while he occupied the premises under a ten-year lease dated January 2, 1922. The lease was canceled by consent of parties on November 18, 1922, within a year from its date. Judgment of foreclosure was granted in favor of plaintiffs and defendant lumber company. The Appellate Division reversed the plaintiffs' judgment of foreclosure, holding that their notice of lien was defective. It gave plaintiffs personal judgment against the defendant owners for $989.45 and affirmed the judgment in favor of the defendant lumber company. From the judgment entered upon the order of the Appellate Division defendant owners appeal.

The judgment herein depends on sections 3, 54 and 64 of the Lien Law (Cons. Laws, ch. 33) which read as follows:

." § 3. Mechanic's lien on real property. A contractor, sub-contractor, laborer, or material man, who performs labor or furnishes materials for the improvement of real property *with the consent* or at the request *of the owner thereof, or of his agent,* contractor or sub-contractor, shall have a lien for the principal and interest of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this article."

" § 54. Judgment in case of failure to establish lien. If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this article, he may recover judgment therein *for such sums as are due him, or which he might recover in an action on a contract, against any party to the action.*"

" § 64. Award of personal judgment by court or referee. A court or referee *in any action* heretofore or hereafter brought may at any time award *a money judgment in favor of any party.* This shall not preclude the rendition of other judgments in the action. Any payment made on account of either judgment in favor of a party shall be credited on the other judgment."

A recovery has been allowed as of the amount due on a contract to pay for the materials, made by the owners with the plaintiffs. This the findings do not support. A finding appears that defendants Duany consented to the improvements of the premises by the plaintiffs under the agreement between them and the tenants and derived pecuniary benefit from such improvements. No finding appears that the sum for which the lien was claimed was due to plaintiffs from defendants Duany and no finding from which it might be implied that plaintiffs could recover in an action on contract against such defendants. The facts and circumstances of the case as found do not imply a contract to pay for the materials furnished. The tenant is not, as such, the

agent of the landlord who may charge him with personal liability for materials ordered for the improvement of the real estate. If the liens are confined to work and materials called for by the lease towards which the landlord is obligated to contribute, the landlord may be said to have made the tenant his agent for the purpose of subjecting the land to the lien of the improvement. (*McNulty Bros.* v. *Offerman*, 221 N. Y. 98.) But consent and benefit do not in themselves create an agency or import contractual liability as between the landlord and those who furnish materials on the tenant's credit. (*Gilmour* v. *Colcord*, 183 N. Y. 342, 345; *Cummings* v. *Broadway-94th St. Realty Co.*, 233 N. Y. 407, 412, and cases cited.)

A mechanic's lien is the basis for the equitable remedy of foreclosure and sale. The statute provides that the consent of the owner to the improvement of his real property is a proper basis for a lien. No fundamental principle of the law of contracts is thereby affected. The futile attempt to file a notice of lien in itself creates no contractual liability which does not otherwise exist. No recovery may be had herein on contract against the owners under the provisions of section 54 above quoted. Section 64 merely makes clear that a personal judgment may be granted if the lienor fails to establish his lien but does establish a contractual liability.

The judgment in favor of plaintiffs should, therefore, be reversed and the complaint dismissed, with costs in all courts in favor of defendant owners.

The Port Chester Lumber Company's lien rests on a finding of the consent of the owners to the improvement of their building. This finding is unanimously affirmed. It must be assumed that the finding implies the ultimate fact of the consent which the law requires. (*Gates & Co.* v. *Nat. Fair & Exp. Assn.*, 225 N. Y. 142.) " Mere acquiescence * * * with knowledge, is not sufficient evidence of the consent which the statute

requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature. It should not be implied contrary to the obvious truth, unless upon equitable principles the owner should be estopped from asserting the truth." (*De Klyn* v. *Gould,* 165 N. Y. 282, 287.) The judgment, however, provides that the lien is valid only as to the interest of the defendant Reuben Duany (tenant by the entirety) in the premises (it having been filed against his interest only) and that the payment of its claim is to be made only out of that proportion of the proceeds of the sale of the premises represented by his interest therein. As the plaintiffs' judgment of foreclosure and sale has been reversed, this provision of the judgment should be modified so as to provide for the sale only of the interest of Reuben Duany as tenant by the entirety, and as so modified affirmed, with costs to lienor.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.