SIMON STRUNIN, Plaintiff, *v.* HAR REALTY COMPANY, INC., and Others, Defendants.

City Court of New York, New York County, May 29, 1930.

*Isaac Hyman*, for the plaintiff.

*Mortimer Kraus*, for the defendant Har Realty Company, Inc.

*Furst, Schwartz & Schwager* [*Irving Krantz* of counsel], for the defendant Goldberg.

*Emanuel Sustick* [*Clarence H. Seigle* of counsel], for defendant Allied Sandblast Cleaning Company, Inc.

NOONAN, J. This is a motion by the defendant Har Realty Company, Inc., the owner of premises No. 35 East Thirtieth street, borough of Manhattan, to strike out the answers of the codefendants Allied Sandblast Cleaning Company, Inc., and Samuel Goldberg, and for judgment against said defendants.

The action is brought to foreclose a mechanic's lien, and the defendants against whom the motion is addressed are colienors.

As a result of a motion brought by the defendant Har Realty Company, Inc., in the Supreme Court, New York county, an order was entered canceling and discharging the liens of the defendants mentioned.

It is claimed by the moving defendant that the answers of these two defendants do not contain any allegations showing a contractual relationship between the said defendants and the movant.

The liens having been discharged, the action may of course remain and be prosecuted to a money judgment, if the defendants in question can establish a contract between themselves and the owner of the premises.

With reference to the defendant Allied Sandblast Cleaning Company, Inc., its answer alleges in paragraph 6:

" That the materials and labors so furnished by this defendant were furnished and performed with the knowledge, consent and approval of the above-named co-defendants, 35 East 30th Street Corp., and Har Realty Company, for the improvement of the real property described in paragraph ' seventh ' of the plaintiff's complaint."

In its answering affidavit this defendant, however, does not state any facts showing how such contractual relationship arises. The only affidavit submitted in this respect is one by the estimator employed by the Allied Sandblast Cleaning Company, Inc., in which he says that his position with the said defendant " is to negotiate contracts for said company in its line of business. That on or about the 20th day of July, 1928, your deponent entered into negotiations with the Har Realty Company, Inc., for work to be performed and materials furnished to a building located at 33–35 East 30th Street, Borough of Manhattan, New York City. That your deponent took up the specifications for the job to be done upon said premises directly with the Har Realty Company, Inc. That through a Mr. H. C. Roman your deponent received such specifications. That your deponent is informed and believes that the said Mr. Roman was and is either an officer of the said Har Realty Company, Inc., or its duly authorized agent. That such specifications were passed upon by the said Mr. Roman."

It is evident from these allegations that no contract is alleged to have been made between the parties in question. All that can be said is that the Har Realty Company, Inc., passed upon the specifications after negotiations were made for work to be performed and materials furnished.

The moving defendant claims that in the first of the two liens filed by the Allied Sandblast Cleaning Company, Inc., the president of that corporation swore that one Isaac Hyman, who was the president of the 35 East Thirtieth Street Corporation, the lessee of the premises, made the contract to have the work performed, and in the second lien the same officer swore that the 35 East Thirtieth Street Corporation contracted to have the work done.

The answer of the other defendant, Samuel Goldberg, is not submitted. In an affidavit presented by an attorney in the office of the attorneys for Samuel Goldberg the following appears:

" The defendant, Har Realty Company, Inc., as owner of the premises involved in this action, entered into a lease with another defendant in this action, 35 East 30th Street Corp., and provided amongst other things, that the said tenant was to make certain repairs and that the landlord would, out of the rents accruing to him, make certain payments for the said repairs. By this very agreement, the landlord appointed the tenant, its agent, for the purpose of having the work done. Your deponent on behalf of the defendant Samuel Goldberg, intends to apply to this court for an order permitting the said defendant to amend his answer by pleading the agreement above referred to, entered into between the said Har Realty Company, Inc., and the tenant, 35 East 30th Street Corp., and setting forth the contractual relationship between the defendant, Samuel Goldberg, and the said defendant, Har Realty Company, Inc."

These allegations, even if embodied in an answer, would not be sufficient to establish a contractual relationship. In *Brigham* v. *Duany* (241 N. Y. 435, 438) the court said: " The tenant is not, as such, the agent of the landlord who may charge him with personal liability for the materials ordered for the improvement of the real estate. If the liens are confined to work and materials called for by the lease, towards which the landlord is obligated to contribute, the landlord may be said to have made the tenant his agent for the purpose of subjecting the land to the lien of the improvement. (*McNulty Bros.* v. *Offerman*, 221 N. Y. 98.) But consent and benefit do not in themselves create an agency or impart contractual liability as between the landlord and those who furnish materials on the tenant's credit."

The affidavit quoted from does not establish any connection between the repairs to be done and towards which the landlord was to contribute and the work and materials concerned in this controversy. The lien filed by this defendant shows that the contract for the work was with Isaac Hyman, who was the president of the 35 East Thirtieth Street Corporation.

The motion is, therefore, granted under section 476 of the Civil Practice Act, but I think the defendants should have leave to serve amended answers within six days after service of the order to be entered herein with notice of entry thereof. It may be possible that the said defendants in such amended answers can set forth allegations of a contractual relationship with the Har Realty Company, Inc. Settle order on notice of one day.