In the Matter of the Application of 12 EAST EIGHTY-SIXTH STREET CORPORATION to Remove and Discharge of Record a Mechanic's Lien Filed by L. S. FISCHL'S SONS, INC., as Claimant against Property Known as 12 East Eighty-sixth Street, Located in the County of New York, City and State of New York.

Supreme Court, New York County, January 20, 1933.

*Mottur & Mottur*, for the owners.

*Maxwell Berman*, for the lienor.

HAMMER, J.   This application is by the owner of real property by order to show cause why " an order should not be made vacating and setting aside a certain mechanic's lien   *   *   *   and why the said mechanic's lien should not be discharged of record   *   *   *."

In an affidavit on behalf of the owner it is stated that " the applicant's contention is based upon Section 3 of the Lien Law " in that " this is not an application to discharge a lien lawfully filed in compliance with the Lien Law," but to discharge the purported lien as absolutely void in that the labor and materials were not furnished to the owner corporation.   A mechanic's lien can be discharged only in one of the modes provided by the statute. (*Fettrich* v. *Totten*, 2 Abb. N. S. 264; *Matter of Bronitsky*, 136 App. Div. 672; *Leske* v. *Wolf*, 154 id. 233.)

The courts are not empowered by the statute and have no inherent power to cancel or discharge mechanics' liens upon a summary application for any grounds other than those specified in the Lien Law.   (*Supreme Plumbing Co., Inc.*, v. *Seadco Building Corp., Inc.*, 224 App. Div. 844; *Matter of Cohen, No. 1*, 209 id. 413.)

The purported lien herein not being for labor performed or materials furnished for a public improvement, its discharge is provided for in sections 19, 20, 37 and 59.

An inspection of the copy of the notice of lien annexed to the

papers does not disclose any defect. It appears to be regular on its face. While the notice does not state that the labor was performed for or materials furnished to the owner, section 9 of the Lien Law, setting forth the contents of notice of lien and prescribing what the notice of lien shall state, contains no such requirement. It may be that the lienor upon a trial may not be able to prove, as required by section 3, that such labor and materials performed or furnished were for the improvement of the real property and with the consent or at the request of the owner thereof or of its agent, contractor or subcontractor.

It is noted also that in *Brigham* v. *Duany* (241 N. Y. 435, modfg. 211 App. Div. 869) it was held that consent and benefit do not in themselves create an agency or impair contractual liability as between the landlord and those who furnish materials on the tenant's credit. But the notice of lien under consideration being regular and valid on its face, it would seem that its discharge may be had only by bond or undertaking or by deposit of money into court and the validity cf the lien may not be attacked under section 3 on summary application.

The motion is accordingly denied.