John Nelson, Respondent, *v.* Johanna L. Schrank, Appellant.

Second Department, December 29, 1947.

*Milton Pinkus* for appellant.

*H. Willard Griffiths* for respondent.

Johnston, J. Defendant appeals from a judgment granting foreclosure of a mechanic's lien against her property. On August 1, 1943, plaintiff and defendant orally agreed that plaintiff do certain work in the repair and alteration of defendant's premises. Plaintiff completed the work stipulated to be performed on January 7, 1944. On June 27, 1944, plaintiff did some additional work in the repair of a faucet. The mechanic's lien filed on or about July 27, 1944, included not only the work done on June 27, 1944, but also the work completed on January

7, 1944. The lien is invalid because it was not filed within the time required by section 10 of the Lien Law. There was no proof that the extra work done on June 27, 1944, was part of the August 1, 1943, contract, nor that it was anticipated when the original contract was made, nor that it was in continuance of any work done under that contract. (*McLean* v. *Sanford,* 26 App. Div. 603; *Steuerwald* v. *Gill,* 85 App. Div. 605.)

The minority agrees that the lien is invalid, but believes that plaintiff may have a personal judgment for the amount mentioned in the lien. In my opinion this court is powerless to grant a money judgment under the provisions of section 54 of the Lien Law. That statute " does not require him [plaintiff] to demand a personal judgment in the event of the failure of his lien. ' It is intended to afford him a privilege — not to subject him to compulsion ' ". (*Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 395.) If plaintiff had demanded a personal judgment against the defendant, or judgment for a deficiency arising after a sale, that would have been sufficient to enable him to recover a money judgment (*Bradley & Currier Co.* v. *Pacheteau,* 175 N. Y. 492; *Abbott* v. *Easton,* 195 N. Y. 372; *Ryan* v. *Train,* 95 App. Div. 73), but he chose *not* to demand a personal judgment in any form. An action to foreclose a mechanic's lien is an action in equity. (*Schillinger Cement Co.* v. *Arnott,* 152 N. Y. 584, 590; *Kenney* v. *Apgar,* 93 N. Y. 539, 550.) In the case at bar plaintiff demanded equitable relief of foreclosure and sale, together with " such other, further, and different relief and order *that may be equitable* ". (Underscoring mine.) Section 479 of the Civil Practice Act, so far as material, provides: " Where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues." Although that statute has been in force for one hundred years (L. 1848, ch. 379, § 231; Code Civ. Pro., § 1207), it has been consistently held that, where the complaint is framed in equity and equitable relief *alone* is demanded, the fact that the prayer for relief also demands such other and further relief as may seem just and proper does not justify the granting of legal relief if the action does not lie in equity. (*Terner* v. *Glickstein & Terner, Inc.,* 283 N. Y. 299, and cases cited.) " There was nothing in the whole framework of the complaint, nor in the prayer for relief that would lead " this defendant to infer that a judgment at law would or could be taken against her. (*Kelly* v. *Downing,* 42 N. Y. 71, 78.) Therefore, it may not be inferred that defendant waived her right to a jury trial by her failure

to move for settlement of issues therefor, or formally to demand the same at the trial. (*Deane Steam Pump Co.* v. *Clark,* 84 App. Div. 450, 454.) Defendant would be deprived of her constitutional right to a jury trial if legal relief be granted in the situation here presented.

*Brigham* v. *Duany* (211 App. Div. 869), cited by the minority and decided by this court, is not to the contrary. That was an action to foreclose a lien. The tenant and the owners were parties defendant. The improvements were made under written contract with the tenant, and with the knowledge and consent of the owners, who derived pecuniary benefit and increased rental value from the improvements. The complaint, in addition to foreclosure of the lien, demanded personal judgment for the full amount against the tenant and for a deficiency. I quote the demand: "That the plaintiffs have personal judgment against the defendant, Salvatore Cudia [tenant] for the sum of * * * ($1194.45) * * * and for any deficiency that may remain due them [plaintiffs] after such sale." Obviously personal judgment for a specified amount is demanded against the defendant-tenant. However, the demand for the deficiency is against the defendants-owners because such a judgment could be entered against no one but the owners. Hence the demand for the deficiency judgment was sufficient to sustain the personal judgment against the owners within the doctrine of the cases cited (*supra*).

In *Kane* v. *Hutkoff* (81 App. Div. 105) the equity court refused a personal judgment when the lien failed because there was no personal judgment demanded against the owner. This is in accordance with the general rule that, where some ground of equitable jurisdiction is alleged in a complaint but fails of proof in its entire scope on the trial, and it appears that there never was any substantial cause for equitable interference, the court will not retain the action and grant purely legal relief, but will dismiss the complaint. (*Jackson* v. *Strong,* 222 N. Y. 149, 153–154.) The rule contended for by the minority that, when equity has "assumed" jurisdiction, that is, when equity has obtained jurisdiction of the parties and the subject matter of the action, it may adapt the relief to the exigencies of the case, does not apply here. "That rule applies when the general basis of fact, upon which equitable relief was sought, has been made out but, for some reason, it becomes impracticable to grant such relief, or where it would be insufficient, and not to a case like this, where it appears that there never was in fact any ground for equitable relief whatever, but the sole remedy

was an action at law." (*Dudley* v. *Congregation, etc., of St. Francis,* 138 N. Y. 451, 459; *International Photo Recording Machines* v. *Microstat Corp.,* 269 App. Div. 485.)

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions made.

CARSWELL, J. (dissenting in part). I concur for reversal insofar as concerns the holding that the lien is invalid, but dissent from the dismissal of the complaint on the ground that the plaintiff is entitled to a personal judgment under the findings of the trial court in the amount fixed by findings 14 and 23. (Civ. Prac. Act, § 479; Lien Law, § 54; *Brigham* v. *Duany,* 211 App. Div. 869, mod. on another ground, 241 N. Y. 435; *Prime* v. *Hughes,* 174 App. Div. 406; *Schenectady Contracting Co.* v. *Schenectady Ry. Co.,* 106 App. Div. 336; *Abbott* v. *Easton,* 195 N. Y. 372, 376; *Benedict* v. *Benedict,* 85 N. Y. 625; *A. Hall Terra Cotta Co.* v. *Doyle,* 133 N. Y. 603; *Vinton* v. *Board of Supervisors,* 89 Hun 582, 587; *Di Menna* v. *Cooper & Evans Co.,* 220 N. Y. 391, 395.)

Section 479 of the Civil Practice Act, limits a judgment " Where there is no answer " to " that demanded in the complaint." Here there was an answer and a trial. The plain and unequivocal language of the section further provides, supplementing section 54 of the Lien Law, that " Where there is an answer " plaintiff may have " any judgment consistent with the case made by the complaint and embraced within the issues." There is no provision in section 479 that " a judgment consistent with the case made " may only be given when the complaint contains a demand or prayer for relief of the same character or breadth of " any judgment consistent with the case made." If such a demand or prayer for relief was present there would be no need for the enactment authorizing the giving of a judgment of the character indicated. The legislative provision would be supererogatory. The very headnote of the section " Demand as affecting amount of judgment " makes crystal clear that the grant of power in the section is not limited or controlled by the presence or absence in a complaint of a particular form of demand or prayer when an answer has been interposed (*Benedict* v. *Benedict,* 85 N. Y. 625, *supra; Vinton* v. *Board of Supervisors,* 89 Hun 582, 587, *supra; A. Hall Terra Cotta Co.* v. *Doyle,* 133 N. Y. 603, *supra*). The section contains no limitation, if there be an answer, in respect to what the demand for judgment was; hence plaintiff should have a personal judgment pursuant to section 54 of the Lien Law, even

though his lien failed under the proof. Nothing in the cases cited in the prevailing opinion is to the contrary. The *Terner* case (283 N. Y. 299) concerned a mere matter of pleading. There the court *did not assume* jurisdiction in equity in respect of any matter; hence the situation did not come within the pertinent general rule that when equity " gains jurisdiction of a case for one purpose, it may retain it generally," to do complete justice between the parties. Here on a trial the court took jurisdiction in equity, as it was required to do under the pleadings; hence it retains jurisdiction to do that which section 479 of the Civil Practice Act, expressly requires it to do, give " judgment consistent with the case made " under the proof.

An examination of the record in *Abbott* v. *Easton* (195 N. Y. 372, *supra*) discloses that the situation herein is paralleled in that case. There, as here, the lien failed. There, despite that failure, plaintiff had personal judgment.

Section 479 of the Civil Practice Act, is not concerned, *where an answer has been interposed,* with the character of the demand for judgment, or whether any demand has been made. In this it merely enforces the principle of the adjudicated cases, under section 54 of the Lien Law. In *Prime* v. *Hughes* (174 App. Div. 406, *supra*), there was no demand for a personal judgment. One was, nevertheless, granted, although the lien, the foreclosure of which originally gave equitable jurisdiction, had failed. That holding was approved by this court in a lien case, *Brigham* v. *Duany* (211 App. Div. 869 [1924], mod. on another ground, 241 N. Y. 435, *supra*), where there was no demand for a personal judgment against defendants Duany, yet one was given. There the contract was between a tenant and the plaintiff. The sole demand for personal judgment was against the tenant. There was no demand for a personal judgment against the owners. The paragraph containing the demand for personal judgment asked one solely against the tenant, and also asked for a deficiency judgment against the tenant. In analyzing that prayer for relief the question was not against whom a deficiency judgment might well have been demanded and obtained, but against whom was a deficiency judgment demanded. There can be but one response — that it was demanded solely against the tenant. Despite there being, as this court found in that case, no demand for personal judgment against the owner, a personal judgment was granted against the owners on the authority of *Prime* v. *Hughes* (*supra*), even though there was no contract between the plaintiff and the owners Duany. Any different view of the language in that complaint is plain distortion. The prevailing opinion herein overrules the *Brigham* case, **without so stating.**

In the instant case there is a catch-all demand for " such other, further, and different relief and order that may be equitable ". This somewhat awkward phrasing apprised the defendant that relief of the character contemplated by section 479 of the Civil Practice Act, was being demanded, which, of course, included a personal judgment. Certainly a personal judgment under the findings herein is " equitable," in the language of the prayer for relief. It is also consistent with the rule that where equity has obtained and assumed jurisdiction it may retain it to give a personal judgment under long-settled authority cited above.

The case of *Kelly* v. *Downing* (42 N. Y. 71, 78) is wholly inapposite. It was there decided that a demurrer was not an answer under section 275 of the Code of Procedure, a statutory predecessor of section 479 of the Civil Practice Act; hence a plaintiff could not have relief of a character not demanded in the complaint. There being no answer, that would be so under the present statute and predecessor statute. But here there was not only an answer, which is the only condition precedent set out in section 479, but there was an assumption of jurisdiction by equity and a trial.

The case of *Deane Steam Pump Co.* v. *Clark* (84 App. Div. 450, 454) concerned a defendant who had not filed a mechanic's lien and who, in his answer, demanded no relief against a codefendant owner, and the question presented was seasonably raised. Here no such question, irrespective of personal judgment, was raised, even on this appeal.

The case of *Kane* v. *Hutkoff* (81 App. Div. 105) is not controlling. Although the lien there failed, a personal judgment against the owner was refused because there was *no pleading or proof of any contract* between the plaintiff and the owner, or any allegation of liability on the part of the owner to the plaintiff, as well as no demand for personal judgment. The refusal, therefore, of a personal judgment was justifiable on the ground that a judgment against the owner would not be " consistent with the case made by the complaint and embraced within the issues." (Civ. Prac. Act, § 479.) In the instant case, there was pleading and proof and a finding of a contract between the plaintiff and the owner. Moreover, the *Kane* case may not properly be given precedence in this court over the later cases of *Prime* v. *Hughes* (174 App. Div. 406, *supra*) and *Brigham* v. *Duany* (211 App. Div. 869, mod. on another ground, 241 N. Y. 435, *supra*).

A question in respect of a jury trial was not raised on this appeal nor is it presented by this record. On the trial there

was no intimation by the defendant that she desired one in respect of whether any moneys were owing by her to the plaintiff. The record herein, by way of excluding any such contention, is stronger than is the record (which I have examined) in *Abbott* v. *Easton* (195 N. Y. 372, 376, *supra*), and it was there held, '' The right to a trial by jury can be waived and it is waived by going to trial in apparent assent to a trial without a jury '', which statement of principle takes precedence over any vague dicta in *Deane Steam Pump* case (*supra*).'

A contrary view disregards the ancient equity principle that when a Court of Chancery acquires jurisdiction for any purpose it will, as a general rule, especially in mechanic's lien cases, determine the whole case, although in so doing it may decide questions which, standing alone, would furnish no basis for equitable jurisdiction. (Bispham's Principles of Equity [10th ed.], p. 57; *Rathbone* v. *Warren*, 10 Johns. 587; *King* v. *Baldwin*, 17 Johns. 384; *Hawley* v. *Cramer*, 4 Cow. 717, 727.) This principle was given effect in *Abbott* v. *Easton* (*supra*) where, as here, no question in respect of a jury trial was raised at the trial; likewise in *Prime* v. *Hughes* (*supra*); *Schenectady Contracting Co.* v. *Schenectady Ry. Co.* (106 App. Div. 336, *supra*); *Benedict* v. *Benedict* (85 N. Y. 625, *supra*); *A. Hall Terra Cotta Co.* v. *Doyle* (133 N. Y. 603, *supra*) and *Vinton* v. *Board of Supervisors* (89 Hun 582, 587, *supra*).

The denial of a personal judgment represents unrealistic retrogression which no authoritative case requires. There is no lien case where equity assumed jurisdiction and refused personal judgment when the lien failed, where, as here, there was a finding, upon the evidence, of a contract between the plaintiff and the defendants or owners of the property which the plaintiff· improved. In such situations personal judgments, consistent with the proof, have invariably been granted to the plaintiffs.

HAGARTY, Acting P. J., and SNEED, J., concur with JOHNSTON, J.; CARSWELL, J., concurs for reversal insofar as the holding is that the lien is invalid, but dissents from dismissal of the complaint, on the ground that plaintiff is entitled to a personal judgment under the findings of the trial court, in the amount fixed by findings 14 and 23, with opinion, in which ADEL, J., concurs.

Judgment of the County Court, Nassau County, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Settle order on notice.