Action for the foreclosure of a mechanic’s lien. On appeal of defendants Camardella, judgment of the County Court, Nassau County, in favor of plain *1005 tiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. On appeal by defendant Hardy Construction Corporation, judgment of the County Court, Nassau County, in favor of plaintiff reversed on the law and new trial ordered, with costs to abide the event. The proof establishes, and it was found, that the labor and materials were furnished by plaintiff under a contract with defendant Hardy Construction Corporation. Extras performed by plaintiff at the direction of defendants Camardélla, in the absence of any agreement as to amount or mode of payment therefor, must be deemed incidents of the cost plus contract between plaintiff and the general contractor. Findings of fact and conclusions of law inconsistent with the foregoing are reversed and disapproved and, as to defendants Camardella, new findings and conclusions will be made. Plaintiff is restricted in its claim to satisfaction out of whatever amount, if any, is due and unpaid from the owner to the general contractor. (Lien Law, § 4.) Plaintiff failed to show that there was any such sum due and unpaid and there was undisputed proof to the contrary. Assuming the existence of a contract between plaintiff and the owners for the extras, there is no showing, in contrast with the sum sought to be recovered, of the amount due and unpaid therefor. The general contractor was entitled, in the light of the admission by plaintiff of receipt of $1,150 in the form of five checks, two of which bore a notation that they were for the work in question, to show that these cheeks did not constitute payment, as claimed by plaintiff, for another job. Error was committed by the court in excluding proof showing complete payment to plaintiff for the other work irrespective of some or all of the cheeks in question. Inasmuch as plaintiff seeks in the complaint a deficiency money judgment, he may procure in this action a money judgment against the general contractor if entitled thereto. {Nelson v. Schrank, 273 App. Div. 72.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. Settle order on notice.